UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL COOPER,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 21 CV 4171 (ENV) (SJB)<br><br>**CONFIDENTIALITY AGREEMENT AND <u>PROTECTIVE ORDER</u>** |

WHEREAS, the parties intend to produce certain documents in this action that they deem to be confidential or otherwise inappropriate for public disclosure; and

WHEREAS, the parties agree that confidential documents should be produced only if appropriate protection for their confidentiality is assured; and

WHEREAS, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for Plaintiff and Defendants, as follows:

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Cooper v. City et al.*, 21-CV-4171 (ENV) (SJB).

2. As used herein, without waiving the right to later interpose objections concerning the designation of any documents as confidential, "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") and Kings County District Attorney's Office ("KCDA") personnel and disciplinary-related records, and records of investigations regarding the conduct of NYPD or KCDA personnel conducted by the NYPD, KCDA, CCRB or other agencies; (b) medical records or

medical information; (c) records or information pertaining to any unrelated arrests or criminal prosecutions; and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be deemed or designated "Confidential Materials" to the extent that they are publicly available, or obtained by the Receiving Party from sources other than the Producing party as defined herein, or to the extent that they relate to the incident(s) underlying the Complaint in action, or are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL").

      3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential (including where the document or information in question is produced by a non-party to this Action), and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

      4.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in this Action for any purpose other than the evaluation, preparation, presentation, and/or settlement of claims or defenses in the Action.

      5.      In order to designate documents or other material as "Confidential" within the meaning of this Stipulation of Confidentiality and Protective Order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number, or other method reasonably calculated to give notice of the confidentiality designation in a writing directed to all parties' counsel. The Producing Party reserves the right to designate any document encompassed by the definition in paragraph "2" confidential pursuant to this agreement, if

necessary, after production of such documents to the Receiving Party. The Producing party shall have a reasonable time to inspect and designate as "Confidential" documents sought from third parties.

      6.      Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

      a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

      b.      Disclosure may be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

      c.      Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Department of Correction, the New York City Comptroller's Office, and/or the New York City Mayor's Office, solely to the extent necessary for the defense or settlement of this Action.

      d.      Before any disclosure is made to a person listed in subparagraph (b) or (c) above (other than to the Court or a witness at a deposition or trial), the disclosing attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in

        connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The Producing Party's attorney shall retain the signed consent and furnish a copy to an attorney for any other party upon request at a deposition or before trial, although the name of an expert that the disclosing party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    e.    Disclosure of medical records deemed "Confidential" under this ProtectiveOrder may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

    7.    The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under the control as directed by the Producing Party or that party's counsel.

    8.    If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing   and counsel shall in

- 4 -

good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party may, within 45 days of the objection, make an application to the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. A party's inadvertent failure to designate any materials as "Confidential" ("Misdesignated Material") shall not be deemed a waiver of that party's later claim that such material should be designated "Confidential" pursuant to this Protective Order. Upon the Producing Party's identification of Misdesignated Material to the Receiving Party, arrangement will be made for the destruction of the Misdesignated Material and for the submission, where appropriate, of properly designated copies of such material.

10. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

11. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to such material. The failure of a Receiving Party to challenge the designation by a Producing Party during the discovery period shall not be a waiver of the Receiving Party's right to object to the designation at trial.

12. Any party seeking to file papers with the Court that incorporate

Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

13. Where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. Nothing in this Stipulation and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available.

15. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof which the Court has formally sealed, shall not be used by a Receiving Partyor disclosed to any other person for any purpose without prior Court approval.

16. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose

sanctions for any contempt thereof.

18.     This agreement may be executed in any number of counterparts, which together shall constitute a single agreement. This agreement may be executed and transmitted to any other party by facsimile or electronically; and facsimile or electronic signatures (including PDF signatures) shall be deemed to be originals.

| | |
|---|---|
| THOMAS HOFFMAN, ESQ.<br>*Attorney for Plaintiff*<br>37 Elaine Terrace<br>Yonkers, New York 10701<br>Tel: (212) 581-1180 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants*<br>100 Church Street, 3-194<br>New York, New York 10007 |
| By: *THOMAS HOFFMAN*<br>       Thomas Hoffman | By: *Elida M. Alfaro*<br>       Elida M. Alfaro |
| Dated: May 25, 2022 | Dated: May 25, 2022 |

SO ORDERED.

Dated:   Brooklyn, New York
         _____, 2022

HON. SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated_____, 2022, in the action entitled *Cooper v. City et al.*, 21-CV-4171 (ENV) (SJB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____       _____

Date                                           Signature

                                               _____

                                               Print Name

                                               _____

                                               Occupation