# KCDA EXHIBIT C

**KCDA's Motion to Quash Plaintiff's Subpoena**
**Cooper v. City of NY, et al.  21-CV-4171 (ENV)(RER)**



**Eric Gonzalez**
District Attorney

**DISTRICT ATTORNEY**
**KINGS COUNTY**
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**A.D.A. John C. Carroll**
CarrollJ@brooklynda.org
(718) 250-5243

<u>**VIA ECF**</u>    Feb. 27, 2023
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    <u>Emmanuel Cooper v. The City of New York, et al.</u>
                 <u>21-CV-4171 (ENV)(RER)</u>

Dear Judge Reyes:

      I represent the Kings County District Attorney's Office ("KCDA"), which has been served with the attached subpoena from plaintiff ("Pl.") in the above-captioned matter (<u>see</u> Exhibit A). I write separately, pursuant to Local Rule 26.2(b), in order to address an argument that Pl.'s counsel advanced during negotiations with KCDA regarding the subpoena. Specifically, Pl.'s counsel claimed that, pursuant to Federal Rules of Civil Procedure ("FRCP") 45 and Local Rule 26.2, KCDA had waived all of the privileges that it had asserted in its Rule 45 Objections by failing to provide a privilege log along with those objections. It is the position of the KCDA that a privilege log is not required at this point in the litigation. Moreover, even if this Court agrees with Pl.'s counsel, Local Rule 26.2(b) permits this Court to make an exception to the Rule requiring a privilege log, and, given the circumstances of this case, such an exception is warranted here. Accordingly, KCDA respectfully requests a ruling from this Court that, for the reasons set forth below, the KCDA was not required to file a privilege log in response to Pl.'s subpoena at this point in the litigation. If this Court disagrees, then, in the alternative, the KCDA respectfully requests that this Court make an exception to the rule requiring the KCDA to provide a privilege log at this time pursuant to Local Rule 26.2(b).

      On Feb. 9, 21, & 27, 2023, KCDA met and conferred with Pl.'s counsel in a good faith effort to resolve our disputes regarding Pl.'s subpoena. At the Feb. 9th meet and confer, KCDA communicated that it intended to follow-up on its Rule 45 Objections by making a motion to quash Pl.'s subpoena if an agreement regarding the subpoena could not be reached. However, KCDA also agreed that it would hold off making the motion to quash while negotiations were ongoing. At the Feb. 21st meeting, Pl.'s counsel and KCDA discussed the possibility of Pl.'s counsel making a motion to compel instead of the KCDA making a motion to quash. However, at that same meeting and in a follow-up email, Pl.'s counsel advanced the argument that, pursuant to FRCP 45 and Local Rule 26.2, KCDA had waived all of the privileges that it had asserted in its Rule 45 Objections by failing to provide a privilege log along with those objections. In response to this argument, KCDA informed Pl.'s counsel at our final meeting on Feb. 27th that KCDA intended to file a motion to quash the subpoena and also intended to seek permission from the Court to not file a privilege log at this point in the litigation pursuant to Local Rule 26.2(b).

      It is the position of KCDA that its Rule 45 Objections were sufficient to explain the objections and privileges it was asserting in response to Pl.'s subpoena, and, given the nature of those objections and privileges, that neither FRCP 45 nor Local Rule 26.2 required KCDA to also provide a privilege log to Pl. at this point in the litigation. First, although it appears that some

courts have imposed Local Rule 26 on non-parties like the KCDA, it is the KCDA's understanding of Local Rule 26 that it is supposed to correspond to and augment the general rules of discovery that are set forth in FRCP 26. Given that FRCP 26 generally applies to parties in a lawsuit, it is the position of the KCDA that Local Rule 26.2 should also only apply to parties and is not applicable to a non-party like the KCDA. Indeed, the "Committee Note" immediately following Local Rule 26 only mentions the Rule being applicable to "parties". See Local Rule 26 Committee Note ("The Committee wishes to encourage **parties** to cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log. Because the appropriate approach may differ depending on the size of the case, the volume of privileged documents, the use of electronic search techniques, and other factors, the purpose of Local Civil Rule 26.2(c) is to encourage the **parties** to explore methods appropriate to each case [emphasis added]).

   Furthermore, the Committee Note referenced above also makes it clear that the Committee contemplated that there would be situations where a privilege log should not be required by the Court, and this case is clearly one of those situations. Indeed, any caselaw requiring a privilege log is factually distinguishable from this case because of the sheer magnitude of the materials requested by Pl. (see Exhibit A), because of the nature of the KCDA's objections to Pl.'s subpoena (see KCDA's Motion to Quash at 2-3), and because the tremendous amount of time it would take for the KCDA to locate and parse through all of the materials requested by Pl. would make it impossible for KCDA to create a privilege log at this stage of the litigation (Id. at 3).

   Moreover, the Local Rules specifically states that the Court is permitted to make an exception to the Rule requiring a privilege log. See Local Rules 26.2(b) ("Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, **unless otherwise ordered by the Court** [emphasis added]). Accordingly, if this Court believes the KCDA was required to provide Pl. with a privilege log, then – for the reasons stated above and because any privilege log made by KCDA would be duplicative of KCDA's Rule 45 Objections – KCDA respectfully requests that the Court make an exception to the Rule requiring a privilege log at this time. See Local Rule 26.2(b).

   Finally, it is not as if KCDA is unwilling to provide Pl. with privilege logs in this case when it is appropriate. KCDA previously produced thousands of pages of documents to plaintiff in response to his first subpoena, and KCDA provided Pl. with privilege logs explaining its redactions at the time of the document production. Furthermore, as stated in KCDA's motion to quash, KCDA is willing to disclose materials that have been requested in Pl.'s subpoena, and KCDA fully intends to furnish Pl. with a privilege log fully explaining any redactions the KCDA makes to those documents at the time of the production (see KCDA Motion to Quash at 1, n.2).

   For the foregoing reasons, KCDA respectfully requests a ruling from this Court that it was not required to file a privilege log in response to Pl.'s subpoena at this point in the litigation. If this Court disagrees, then, in the alternative, the KCDA respectfully requests that this Court make an exception to the rule requiring the KCDA to provide a privilege log at this time pursuant to Local Rule 26.2(b).

                      Respectfully submitted,
                       ADA John C. Carroll (JC7511)