

Jabbar Collins &lt;horizonresearchservices@gmail.com&gt;

## Cooper v. City of New York, 21 CV 4171 (ENV)(RER) - Case Law Regarding Our Second Subpoena

**Jabbar Collins** &lt;horizonresearchservices@gmail.com&gt;  Wed, Feb 15, 2023 at 5:20 PM
To: "CARROLL, JOHN" &lt;Carrollj@brooklynda.org&gt;, "SIDER, ZACHARY" &lt;SIDERZ@brooklynda.org&gt;
Cc: Thoff93452 &lt;thoff93452@aol.com&gt;

Hi John:

You provided us with two cases to support your argument that the KCDA Training Manual Volumes and CLEs we subpoenaed are exempt as attorney work product. *National Ass v. Criminal Defense Lawyers*, 844 F.3d 246 (D.C. Cir. 2016) and *American Civil Liberties Union v. United States Department of Justice*, 210 F.Supp.3d 467 (S.D.N.Y. 2016).

However, neither of the two cases enables the KCDA to carry its burden of proving the records are exempt as attorney work product. Neither case is applicable in the federal civil rights context as they involve a highly restrictive version of "attorney work product" that does not apply in the context of federal civil rights litigation. *Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977) ("Although Congress clearly intended to refer the courts to discovery principles for the resolution of [FOIA cases], the situations are not identical, and the Supreme Court has recognized that discovery rules should be applied to FOIA cases only 'by way of rough analogies.'")

In federal civil rights litigation such as Mr. Cooper's case, attorney work product is a *qualified privilege* that (1) merely renders a document *eligible* for work product protection if prepared in anticipation of litigation, (2) differentiates between "factual" attorney work product and "opinion" attorney work product, (3) provides exceptions for disclosure of both types of work product, and (4) provides for waiver of those protections when the holder of the privilege voluntarily discloses the purportedly protect3e documents in a manner rendering it more likely to fall into the hands of an adversary. S*ee e.g. In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007); *U.S. v. Adlman*, 134 F.3d 1194, 1202–03 (2d Cir. 1998) (A finding that a document was prepared in anticipation of litigation "does not necessarily mean that the document will be protected against discovery. Rather, it means that a document is *eligible* for work-product privilege. The district court can then assess whether the party seeking discovery has made an adequate showing of substantial need for the document and an inability to obtain its contents elsewhere without undue hardship. The district court can order production of the portions of the document for which a litigant has made an adequate showing. The court can focus its attention on whether the document or any portion is the type of material that should be disclosed, while retaining the authority to protect against disclosure of the material.")

In contrast, in the FOIA context (1) the court does not distinguish between "factutal" and "opinion" work product, or (2) provide for exception to disclosure of those types of work product. In other words, "[t]he qualified nature of the privilege … does not translate into the FOIA context. Exemption 5 "establish[es] a discrete category of exempt information," *FTC v. Grolier Inc.*, 462 U.S. 19, 27 (1983), and privileges materials not "normally" available to parties in litigation, *id.* at 26. As a result, although a party to particular litigation may be able to overcome the privilege by showing need and hardship, "that does not remove the documents from the category of the *normally* privileged" which are protected by Exemption 5 [of the FOIA]." *American Civil Liberties Union of Northern California v. United States Department of Justice*, 880 F.3d 473, 484 (9th Cir. 2018) (cleaned up).

Thus, it is not relevant that *Nat'l Ass'n of Criminal Def. Lawyers and American Civil Liberties Union* held the FOIA restricted version of the attorney work product exempted from disclosure documents containing the conclusions, opinions, and legal theories their authors would assert in court. This is especially so given that the KCDA will not be able to carry its burden of demonstrating the CLEs we seek contain such material that cannot be separated from other accessible material. Indeed, even American Civil Liberties Union recognized the limited nature of its holding: "Of course not every document prepared by a government attorney constitutes work product. Indeed, if an agency were entitled to withhold any document prepared by any person in the Government with a law degree simply because litigation might someday occur, the policies of the FOIA would be largely defeated. The Court does not assume that any document generated within DOJ's various agencies is necessarily work product and therefore protected from disclosure under FOIA. However, "[w]hatever the outer boundaries of the attorney's work-product rule are, the rule clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *American Civil Liberties Union v. United States Department of Justice*, 210 F.Supp.3d at 476.

In contrast to the type of documents at issue in t *Nat'l Ass'n of Criminal Def. Lawyers and American Civil Liberties*, the transitional nature of many of the CLEs at issue in Mr. Cooper's case will likely preclude them from being deemed work product in the first place (*see e.g.* Riding: Basic Procedures & Policy, A Practical Knowledge of the State prison System for the Court Practitioner, Ethics Issues for Appeal ADAs); *See Lawrence v. Suffolk Cnty.*, 2022 WL 855380, at *4 (E.D.N.Y., 2022) ("The County attempts to shield the conversations, arguing they are protected because the "District Attorney's office by its very description engages in the investigation and prosecution of crimes."And as such, "[d]eliberations and decisions relating to how the office will supervise the implementation of its duty to prosecute, are always made with the prospect of the litigation of those cases in mind." (*Id.* at 2). The argument borders on the frivolous …. [T[he position would lead to any conversation or document in the DA's files being protected as work product, regardless of the nature of the claim asserted, merely because the DA is involved in litigation." )

The KCDA's Course Evaluation and Summaries for many of the CLEs confirm that the contents of these documents is not opinion work product (see sample included). Indeed, the "*primary objective"* of these CLEs is to "increase the professional legal competency of the attorney in ethics and professionalism, skills, law practice management, areas of professional practice" and other areas, 22 NYCRR§1500.4 (b)(2) (emphasis added), and consistent with that command, the KCDA designates many of the courses "transitional,"

meaning that they are specifically "designed to help recent graduates and newly admitted attorneys establish a foundation in the practical skills, techniques and procedures essential to the practice of law." Regulations and Guidelines of the Continuing Legal Education Board § 2 (B). They are also, of course, critical to our *Monell* claims alleging defective policies, practices, and customs taught and tolerated by the KCDA.

Finally, the KCDA has the burden of showing that the work product protection has not been waived, and it will be hard-pressed to do so after disclosing each of its Year End Reports listing its entire CLE library (and including complete CLEs) to an agency that has been subject to the Freedom of Information Law for over 40 years, and an agency which then readily disclosed those and related material to the public and an adversary. *See e.g. Babigian v Evans*, 104 Misc.2d 140 (Sup. Ct. New York Co.1980) (New York Office of Court Administration is an "agency" subject to the FOIL); *Quirk v. Evans*, 116 Misc.2d 554 (Sup. Ct. New York Co. 1982) (same); *Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325, 339 (N.D.N.Y. 2006) ("Once a party allows an adversary to share in an otherwise privileged document, the need for the privilege disappears, and may disappear forever, even as to different and subsequent litigators.")

The above does not represent all of our arguments for disclosure, and we have additional powerful ones that we will assert in court should the KCDA move to quash our subpoena.

Jabbar Collins
Legal Analyst
**Law Offices of Thomas Hoffman, PC**
37 Elaine Terrace
Yonkers, NY 10701
Office: (212) 581-1180
Direct: (203) 823-8800
Fax: (646) 786-3249
Email: horizonresearchservices@gmail.com

**KCDA CLE SUMMARIES.pdf**
792K



Jabbar Collins <horizonresearchservices@gmail.com>

## Cooper v. City of New York, 21 CV 4171 (ENV)(RER) - Case Law Regarding Our Second Subpoena

horizonresearchservices@gmail.com <horizonresearchservices@gmail.com>  Thu, Feb 16, 2023 at 12:52 AM
To: "CARROLL, JOHN" <CARROLLJ@brooklynda.org>, "SIDER, ZACHARY" <SIDERZ@brooklynda.org>
Cc: Thoff93452 <thoff93452@aol.com>
Bcc: horizonresearchservices@gmail.com

Additional authority on the distinctions between attorney work product in the civil and FOIA contexts:

The procedural distinction made between fact and opinion work product in civil discovery is "irrelevant" in the FOIA context. *Grolier, Inc.,* 462 U.S. at 27, 103 S.Ct. 2209. As the Supreme Court explained, "It makes little difference whether a privilege is absolute or qualified in determining how it translates into a discrete category of documents that Congress intended to exempt from disclosure under Exemption 5. Whether its immunity from discovery is absolute or qualified, a protected document cannot be said to be subject to 'routine' disclosure." *Id.* For purposes of withholding FOIA requested records, the "test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance." *Id.* at 26, 103 S.Ct. 2209 (quoting *Sears,* 421 U.S. at 148–149, 95 S.Ct. 1504.); *see also Williams & Connolly v. SEC,* 662 F.3d 1240, 1243 (D.C.Cir.2011) ("Although work product protection may be overcome for cause in civil cases ... any materials disclosed for cause are not 'routinely' or 'normally' discoverable and, for that reason, are exempt under FOIA.") (citation omitted); *Stonehill v. IRS,* 558 F.3d 534, 538–539 (D.C.Cir.2009) (noting that "not all documents available in discovery are also available pursuant to FOIA" since "case-specific exceptions can sometimes permit discovery of otherwise privileged material"); *Lardner v. U.S. Dep't of Justice,* No. Civ.A.03–0180, 2005 WL 758267, at *6, 2005 U.S. Dist. LEXIS 5465, at *6 (D.D.C. Mar. 31, 2005) (citing the "divide between the rules of FOIA and civil discovery," and noting that "[t]here will be many cases in which a document should be withheld under Exemption 5 of FOIA because it falls 'within the ambit' of a privilege, but the document nonetheless would be discoverable in certain circumstances in civil litigation"); *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 800 F.Supp.2d 202, 211 n. 7 (D.D.C.2011) (distinction between "fact" work product and "opinion" work product does not apply in FOIA context since protection of Exemption 5 extends to both).

<u>Shapiro v. U.S. Dep't of Just.,</u> 969 F. Supp. 2d 18, 28 (D.D.C. 2013)

On Feb 15, 2023, at 5:20 PM, Jabbar Collins <horizonresearchservices@gmail.com> wrote:

[Quoted text hidden]

 **KCDA CLE SUMMARIES.pdf**
792K